MUNYENYEZI,

PETITIONER

VS.

UNITED STATES OF AMERICA,

RESPONDENT

APPEAL NO: 18-1023

DIST. CT. NO: 1:16 CV-00402-SM
1: 10-cr 85-SM

APPLICATION FOR ISSUANCE
OF A CERTIFICATE OF
APPEALABILITY

Fed. R. App. R.22(b)

---

RELIEF SOUGHT:

Petitioner, __MUNYENYEZI__, moves this Honorable Court for a certificate of appealability within the meaning of Section §2353(c) of Title 28 of the U.S.C. and rule 22(b) of the Federal Rules of Appellate Procedure.

GROUNDS FOR APPLICATION:

On, __09/06/2016__, Petitioner filed a petition for a writ of Habeas Corpus, as authorized by Section §2255 of Title 28 of the U.S.C., In that petition, petitioner argued that her sentence imposed by the U.S. District Court for __NH__, was unconstitutional because:

(1) __E-mail: Exhibit 1__ (See attachment)

(2) ID Card: Exhibit 11 (See attachment)

(3) Motion Pursuant to rule 15 Part 2(d) Amended and Supplemental Pleadings: (See attachment).

An application to the Judges of the Court of Appeals for a certificate of appealability is appropriate as this time because:

(1). The district court entered a final appealable judgement in this matter on 08/31/2017, that denied petitioner relief on her habeas.

(2) Petitioner desires to appeal judgement, as is authorized under the approprite rules and titles. However, section §2253(c)(1) and appellate rule 22(b)(1) require a certificate of appealability as a precondition of proceeding with the appeal.

(3) A timely notice of appeal was filed in this matter on 10/27/2017

(4) The district court denied the application on 12/28/2017 (see attached).

ARGUMENT IN SUPPORT:

Petitioner has raised substantial showing of denial of constitutional right on issue of (See attached memorandum).

## CONCLUSION

For the reasons stated above, petitioner and appellant MUNYENYEZI, respectfully requests that this Court issue the requested certificate of appealability on all of the issues set forth in this application.

Dated: 02/05/2018

BEATRICE MUNYENYEZI
FCI Aliceville
PO Box 4000
Aliceville, AL 35442

_Beatrice Munyenyezi_
signature

# CERTIFICATE OF SERVICE

I, _Beatrice Munyenyezi_ hereby state under the penalty of perjury, that the hereto petition seeking certificate of appealability, was placed in the prison mailbox on _02/05/2018_, and mailed to the Clerk of Courts for the U.S. Appellate Court for the _MA_ District, at the following listed address:

_John T. Moakley U.S. Courthouse; 1 Courthouse Way, Suite 2500 Boston, MA 02210_

Dated: _02/05/2018_
Signed: _Beatrice Munyenyezi_

FCI Aliceville, PO Box 4000 Aliceville, AL 35442

# Memorandum.

Perhaps unintentionally, the judge overlooked or failed to specifically address a number of issues and grounds some of which are pointed out below, but are not limited to those alone.

## (1) E-mail: Exhibit 1

No reference or acknoledgement is made to the evidence petitioner has included throught her 2255 motion in the form of email. Counsel was in receipt of that e-mail from the individual that was recruited by a Rwandan Survivor's organization called "IBUKA".

The e-mail shows the government soliciting and/or using a third party to recruit witnesses and this is how witnesses came about.
This was a compelling evidence which defense counsel failed to investigate or pursue the recipient of the e-mail or enter the e-mail into trial. This recruitment is a replica of the first group of witnesses that appeared in defendant's first trial.

FROM: David, Ruoff
TO: 11805049
SUBJECT: RE: upate
DATE: 10/15/2015 06:06:02 PM

ok the email that went on the IBUKA listserve?
This one:??


--- On Thu, 5/31/12, Yvette Rugasaguhunga <rugasy@yahoo.fr> wrote:

From: Yvette Rugasaguhunga <rugasy@yahoo.fr>
Subject: [ibuka-l] Munyenyezi trial
To:
Date: Thursday, May 31, 2012, 1:36 PM


Dear all,

An American friend of mine and a loyal friend of Rwanda, angered that his country is giving high level perpetrators safe haven is trying to help the office of prosecutor to gather more evidence to convict Munyenyezi.

As you might know, the US government botched the NH trial of Beatrice Munyenyezi primarily because the jury could not follow the long drawn out translations of Kinyarwanda in the courtroom. Additionally, so many cultural issues came into play and the witnesses were discredited for shifting their own narratives based on nuances in the question. Sometimes these were survivors, other times they were perpetrators.

The prosecutor forwarded him the following list (what he is looking for):

Please email me in private and let me know if you might have any information that can help.

Here is his list:

5. Witnesses:
a. Bystanders
    i. people who did not commit genocide but saw it happen, likely those who are of the Hutu ethnicity
    ii. neighbors
b. Survivors
    i. Women who tried to pass through the roadblock
    ii. Women who were kidnapped
    iii. Women who were raped in the hotel or the nearby areas
    iv. Women who hid as refugees in or around the EER school buildings
c. Men who survived (specifically from that area)
d. Soldiers who served at the ESO during that time (04/1994 through 07/1994)
e. Perpetrators
    i. Confessed killers who have been released into the community
    ii. Killers who have confessed (accepted responsibility) but have not been released because they engaged in rape and genocide
f. People in the US who can speak English and meet any of the criteria of the above witnesses
6. Contemporaries of Beatrice MUNYENYEZI who may have gone to school with her
a. Knew Beatrice and her associations from school
b. Knew Beatrice from the National University
c. Knew her from the bar at the Ihuliro Hotel
d. Knew her from her political activities (if any)
7. Records or photos of Interahamwe membership and training events in the Butare area
8. Evidence of mass graves in the area of the Ihuliro Hotel
a. Photos
b. Witness testimony

TRULINCS 11805049 - MUNYENYEZI, BEATRICE - Unit: ALI-C-B

---

c. Reports
d. Government records
e. NUR records

Thank you in advance and

Have a*¯)

.·´¸.·*´¨) ¸.·*¨)

(¸.·´ (¸.·´ * Wonderful One! *

---

Yvette Nyombayire Rugasaguhunga
Founder & Director
YR Survivors' Education Fund
New York City, USA
: 347-768-0494 (C)
: 347-813-4341 (H)
Visit us at www.yrsef.com

(2) ID Card: Exhibit 11

  During the Pre-trial both defense counsel and defendant realized that defendant's ID's year of issuance has been tempered with while in government possession then entered into trial (from 1991 to 1994).

  Defense counsel failed to bring the matter before court.

Defendant raised this issue in her 2255 motion. In his ruling, the judge did not acknowledge nor deny the fact that indeed the ID was tempered with.



EXHIBIT



## Carte d'Identité – République Rwandaise

**BMSW 000585**

**KARITA YIRIRANGA UMUNTU / CARTE D'IDENTITÉ**

N° 376

République Rwandaise
Minisiteri y'Ubutegetsi bw'Igihugu n'Amajyambere ya Komini / Ministère de l'Intérieur et du Développement Communal

- Prefegitura / Préfecture: BYUMBA N° 559450
- Komini / Commune de: MUKARANGE
- Segiteri / Secteur: ROSHAKI
- Amazina / Noms et prénoms: MUNYENYEZI B.
- Igitsina / Sexe: Gabo
- Se / Père: MUGWIZA
- Nyina / Mère: BAYIMURIRA

### AUTRES RENSEIGNEMENTS

1. Police d'assurance N°
2. 
3. Caisse Sociale N°
4. Immatriculation
5. Groupe sanguin

Uzayikoresha ibinyuranyije n'itegeko azahanwa.
L'usage non autorisé sera puni par la loi.

Itanzwe ku wa / Établi le: 26 / / 1992

Amazina, umukono wa Burgumestri, ikashe
Nom, signature du Bourgmestre et sceau: KARAKA Claver

(3) Supplemental pleadings.

Defendant submitted a supplemental pleading on 07/10/2017, it was granted on 08/09/2017. Petitioner sought a review involving the stripping of her citizenship for in recent case "MASLENJAK V US, case: 16-309, 4/26/2017, the esteemed Supreme court held that the interpretation of statute 18 U.S.C Section 1425 was Troublesome where it would give federal government nearly unlimited power to denaturalize any naturalized citizen.

In his ruling the judge did not acknowledge that supplemental pleading.

The fact that defense counsel failed to investigate or enter the e-mail into trial and the fact that he allowed a falsfied document (ID card) to be entered as evidence into trial was a violation of defendant's Constitutional right guarenteed by the sixth amendment; a violation of a due process.

Petitioner requests this honorable Court to adjudicate her habeas corpus.

IN THE UNITED STATES DISTRICT COURT
FOR THE FEDERAL DISTRICT OF
NEW HAMPSHIRE
CASE NO: 10-cr00085-sm

**BEATRICE MUNYENYEZI**
PETITIONER

VS.

**UNITED STATES OF AMERICA**
RESPONDENT

---

MOTION PURSUANT TO RULE 15, Part 2(d), AMENDED AND SUPPLEMENTAL PLEADINGS:

---

COMES NOW, the petitioner in this matter, Ms. Munyenyezi, proceeding pro se at this juncture, respectfully moves this Honorable Court, to allow the hereto supplement, to be filed on the docket, in support of the grounds raised in the submitted motion pursuant to 28 USC §2255, pursuant to Rule 15, which reads in part:

> On motion and reasonable notice, the Court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The Court may permit supplementation even though the original pleading is defective in stating a claim or defense. The Court may order the opposing party plead to the supplemental pleading within a specified time. See <u>Duddles v U.S. 399 A.2d 59, 62 (D.C. 1979)</u>, where Court allowed counsel to file a motion to supplement as additional information comes to light.

Prior to disposition, the Supreme Court holds: [a]ny party may file a short supplemental brief, "calling attention to new cases, new legislation, or other

intervening matter not available at the time of the party's last filing. See Brown, Gov. of CA v Plata, no. 09-1233, where leave to file a supplemental brief after argument was granted. See also U.S. v Ramirez-Flores, 743 F.3d 816 820 (2014) and U.S. v Estrella, 758, F.3d 1239 (2014), where rule 28(j) letter was accepted after all briefs were filed. See also U.S. v Levy, 379, F.3d 1241, 1244-1245(04) where Court considered new issue in a supplemental brief.

The petitioner in this matter, seeks review on the matter, involving the stripping of her U.S. citizenship. She questions the legality of said stripping. In a recent case, not available to her person, during the preparation and filing of her motion, our Esteemed Supreme Court, held that the interpretation of statute 18 USC §1425, was troublesome, where it would give the federal government nearly 'unlimited power' to denaturalize any naturilized citizen.

There was skepticism amongst the Justices in Maslenjak v U.S., no. 16-309, 4/26/2017. In brief, the case questioned whether or not, the defendant lied to influence the government's decision to naturlize her. Maslenjak allegedly lied to cover up her husband's possible involvement in the 1995 genocide of some 8000 Bosnian Muslim civilians during the civil war. The Court since said filing, vacated the case on 6/22/2017, held: " The most natural understanding is that the illegal act must have somehow contributed to the obtaining of citizenship." Unless the government can prove, that if it were not for the information given in the lie, citizenship would not have been granted, then the denaturalization is unconstitutional.

In the hereto case, citizenship was stripped due to the guilty verdict announced in the case. There was no other valid reason given to justify the

stripping. The government felt that a guilty plea alone, sufficed. As we know now, the reasoning is flawed, and based on the Court's standing on the issue, further investigation was required. The government did not meet its two-part burden.(1) proof that the misrepresentation was 'sufficiently relevant' to a requirement for naturalization that it would have prompted further investigation. Then, (2), the government needs to establish that the investigation 'would predictably have discolosed' some legal disqualification.
Becaue they havent, this sanction needs to be vacated for further proceedings.

Finally, defense counsel raised the constitutionality of the jury instructions, as it relates to the petitioner actually participating in a direct capacity, in murder, rapes, kidnapping and theft. Ms. Munyenyezi wishes to raise this ground once again, to preserve on record, the challenge to the instruction, as it violated due process rights. The petitioner was never placed or participated in any such acts, as there was no testimony to support said allegation. . To give instruction to a jury inclusive of such wording, was not only prejudicial, it was unfair, and unconstitutional. Further review is warranted.

Ms. Munyenyezi understands that it is within the sole discretion of the Court to allow or disallow the filing of this supplemental brief. She prays that this Court is moved to allow the filing, as it raises valid constitutional claims, where our Highest Court has expressed an opinion on one of the grounds, as being unconstituional, where the goverment had unfetted power to strip a defendant of citizenship, without investigation or hearing, to ascertain whether

4.

or not, her actual conviction, as it related to the 'lie', was grounds to denaturalize.

Wherefore, she asks for relief on the grounds mentioned herein, and seeks further review.

Thank you.

Respectfully,

*Beatrice Munyenyezi*

CERTIFICATE OF SERVICE:

I, Beatrice Munyenyezi, hereby state under the penalty of perjury, that the hereto motion was placed in the prison mailbox on 7/10/2017, and mailed to the clerk of Court, and a copy was mailed to the AUSA office.

Signed: *Beatrice Munyenyezi* dated: 7/10/2017

Beatrice Munyenyezi
FCI Aliceville
PO Box 4000
Aliceville, AL 35442

Beatrice Munyenyezi
11805-049
Federal Correction Institution Aliceville
PO Box 4000
Aliceville, AL 35442
United States

FCI Aliceville Mail Room
Date Rec'd 02-05-18
Time: 11:00 AM

11805-049
First Circuit
1 Courthouse WAY, Suite 2500
John J. Moakley Courthouse
Boston, MA 02210
United States